FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2021 FEB 18  PM 3:74

STATE OF LOUISIANA

NO.  2021-01485            SECTION      CIVIL
                                    DISTRICT COURT      DIVISION "    "

WILSON GOFFNER, SR.                    D-12

VERSUS

AVONDALE INDUSTRIES, INC.,
f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC.,
n/k/a HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED: _____      _____
                                            DEPUTY CLERK

<u>PETITION FOR DAMAGES</u>

**COMES NOW** Petitioner, Wilson Goffner, Sr., by and through undersigned counsel, who

respectfully represents as follows:

1.      Petitioner Wilson Goffner, Sr. is an adult resident citizen of the state of Louisiana.

2.      Made Defendants herein are the following, either foreign corporations licensed to do and

doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the

State of Louisiana, or are individuals that are liable unto the Petitioner (also referred to as Plaintiff herein)

for the claims asserted herein:

**ASBESTOS MANUFACTURERS/CONTRACTORS/SELLERS/SUPPLIERS/DISTRIBUTORS**

A.      ANCO INSULATIONS, INC.;
B.      ARROWOOD INDEMNITY COMPANY, f/k/a ROYAL INDMENITY
        COMPANY, as successor-in-interest to QUEENS INSURANCE COMPANY OF
        AMERICA and to ROYAL INSURANCE COMPANY OF AMERICA (as insurer
        of Anco Insulations, Inc.);
C.      CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS
        CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION);
D.      EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.;
E.      GOULDS PUMPS LLC;
F.      GRINNELL CORPORATION;
G.      HOPEMAN BROTHERS, INC.;
H.      INTERNATIONAL PAPER COMPANY (*individually and as successor by
        merger with* CHAMPION INTERNATIONAL CORPORATION, *successor by
        merger with* UNITED STATES PLYWOOD CORPORATION);
I.      LAMORAK INSURANCE COMPANY, f/k/a OneBeacon Insurance Company,
        f/k/a Commercial Union Insurance Company, as the Liability Insurer of EAGLE,
        INC., f/k/a Eagle Asbestos & Packing Co., Inc., f/k/a Eagle Packing & Equipment
        Co., Inc.;
J.      LIBERTY MUTUAL INSURANCE COMPANY as the insurer of WAYNE
        MANUFACTURING COMPANY;
K.      McCARTY CORPORATION;
L.      TAYLOR-SEIDENBACH, INC.;
M.      TRAVELERS INDEMNITY COMPANY, as successor-in-interest to QUEENS
        INSURANCE COMPANY OF AMERICA and to ROYAL INSURANCE
        COMPANY OF AMERICA (as insurer for Anco Insulations, Inc.);
N.      ZURICH AMERICAN INSURANCE COMPANY (as insurer for ANCO
        INSULATIONS, INC.)
O.      ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to
        Maryland Casualty Company, as the insurer of MARQUETTE INSULATION,
        INC.

1

EXHIBIT A

**EMPLOYER/PREMISE OWNER/EXECUTIVE OFFICERS/TRADE ORGANIZATIONS**

P.     AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED;

Q.     ALBERT L. BOSSIER, JR., as an Executive Officer of Avondale Industries, Inc.;

R.     JOHN DAVID "J.D." ROBERTS, as an Executive Officer of Avondale Industries, Inc.;

S.     CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the liability insurers of the Following Executive Officers of Avondale Industries, Inc.: James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon (via service of process via the Direct Action Statute L. R. S. 22:655), which may be served through the Louisiana Secretary of State Tom Schedler at Twelve United Plaza, 8585 Archives Avenue Baton Rouge, LA 70809;

T.     CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Trinity Industries, Inc., as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine & Iron Works, Inc.: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via service of process by the Direct Action Statute L .R .S. 22:655), which may be served through the Louisiana Secretary of State Tom Schedler at Twelve United Plaza, 8585 Archives Avenue Baton Rouge, LA 70809;

U.     CONTINENTAL INSURANCE COMPANY, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Trinity Industries, Inc., as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine & Iron Works, Inc.: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via service of process by the Direct Action Statute L. R .S. 22:655);

V.     EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN (Wausau Insurance Company), as the Liability Insurer of Trinity Industries, Inc. as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine & Iron Works, Inc.: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via service of process by the Direct Action Statute L. R. S. 22:655);

W.     HARTFORD ACCIDENT AND INDEMNITY COMPANY, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Trinity Industries, Inc., as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine & Iron Works, Inc.: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via service of process by the Direct Action Statute L. R .S. 22:655);

X.     LAMORAK INSURANCE COMPANY, f/k/a OneBeacon Insurance Company, f/k/a Commercial Union Insurance Company, as the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon (via Service of process via the Direct Action Statute L. R. S. 22:655);

Y.     THE TRAVELERS INDEMNITY COMPANY, f/k/a OneBeacon Insurance Company, f/k/a Commercial Union Insurance Company, as the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon (via Service of

process via the Direct Action Statute L. R. S. 22:655);

Z.    THE TRAVELERS INDEMNITY COMPANY, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Trinity Industries, Inc., as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine & Iron Works, Inc.: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via service of process by the Direct Action Statute L. R .S. 22:655);

AA.   TRINITY INDUSTRIES, INC., individually and as successor-in-interest to GRETNA MACHINE & IRON WORKS, INC., and the Executive Officers of GRETNA MACHINE & IRON WORKS, INC.;

3.    Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42 because this action is brought in a parish of proper venue as to the Defendants, deceased Executive Officers James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Hettie Dawes Eaves, John K. McCue and Ewing V. Moore, who at the time of their deaths were domiciled in Orleans Parish, which is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42; and pursuant to *Dempster v. A.P. Green Industries, Inc.*, 753 So.2d 330 (La. App. 4th 2000) is the domicile of the insurer.

4.    Defendants Lamorak and Certain Underwriters at Lloyds are insurance companies authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Deceased Avondale Executive Officers James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Hettie Dawes Eaves, John K. McCue and Ewing V. Moore, all of who were domiciled in Orleans Parish at their respective time of death, and as such, are directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes.

5.    Defendant Zurich American Insurance Company, as successor-by-merger to Maryland Casualty Company as the insurer of Marquette Insulation, Inc. is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Marquette Insulation, Inc., and Marquette Insulation, Inc. was domiciled in in Orleans Parish at its respective time of dissolution, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes.

6.    Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor-Seidenbach is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish.

7.    Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Eagle, Inc. is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana

3

as Orleans Parish (1100 Poydras Street, New Orleans, Louisiana 70163).

8.      This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of mesothelioma and therefore each is solidarily liable to Petitioner with each of its co-defendants, and defendants Eagle, Inc., f/k/a Eagle Asbestos & Packing Co., Inc., Taylor-Seidenbach, Inc. and Zurich American Insurance Company, as successor-by-merger to Maryland Casualty Company as the insurer of Marquette Insulation, Inc. are domiciled in Orleans Parish.

## BACKGROUND

9.      Petitioner Wilson Goffner, Sr. suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained, used, owned or removed by the defendants, which exposure ultimately resulted in his contraction of malignant lung cancer. Petitioner Wilson Goffner, Sr. was employed by different employers from approximately 1969 to 1997. From approximately 1969 through approximately the late 1970's, Petitioner's work sites, trades and years of exposure to asbestos include, but are not limited to, those identified in Exhibit "A". During the course and scope of his employment as set forth in Exhibit "A", during certain years, Petitioner used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various locations, wherein dangerously high levels of asbestos fibers escaped into the ambient air of the work place, resulting in Petitioner breathing those fibers, subsequently causing the development of malignant lung cancer.

10.     Before and during Petitioner's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities listed in Exhibit "A", where Petitioner was exposed to asbestos-containing products, equipment, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos".

11.     When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

12.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Petitioner and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in

4

order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation. Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

13.    As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in the preceding paragraphs, Petitioner Wilson Goffner, Sr. contracted malignant lung cancer caused in part from asbestos exposure. Petitioner's malignant lung cancer was diagnosed on or around May, 8, 2020.

14.    Because of the latency period between exposure to asbestos and the onset of malignant lung cancer, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Petitioner has only recently discovered his injuries and not more than one year preceding this filing of this Petition for Damages.

15.    In connection with Petitioner's work at the aforementioned job sites, the Petitioner was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

16.    Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust following acts or omissions of a party committed at the direction of any officer or any person acting under that officer of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. Relative to the asbestos dust exposures from Avondale Shipyards, Petitioner alleges against Avondale and the Avondale Executive Officers **only** negligent failure to adopt adequate asbestos safety measures that would have prevented the injuries upon which this Petition is based.

17.    Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, including but not limited to the Outer Continental Shelf. Specifically, Petitioner does not allege nor will Petitioner claim that any asbestos exposure occurred on or arose from activities related to the Outer Continental Shelf.

## NEGLIGENCE ALLEGATIONS AGAINST
## MANUFACTURING AND CONTRACTOR DEFENDANTS

18.    The Defendants, CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION), HOPEMAN

BROTHERS, INC. and LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Wayne Manufacturing Co. were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Exhibit "A", from which Petitioner was exposed.

19.     The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Petitioner in the following manner:

a.     lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d.     lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e.     failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f.     failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g.     failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

j.     failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k.     failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

l.     failure to inform Petitioner or Petitioner's father of the need for adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on Petitioner's clothing; and

m.     failure to inform or warn Petitioner or Petitioner's father of the hazards of asbestos

6

exposure.

20.   The use of defendants' products and asbestos-containing equipment, negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

21.   Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

<u>STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST<br>MANUFACTURING AND EQUIPMENT DEFENDANTS</u>

22.   The Defendants GOULDS PUMPS LLC and GRINNELL CORPORATION were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Exhibit "A", from which Petitioner was exposed.

23.   The Defendants GOULDS PUMPS LLC and GRINNELL CORPORATION manufactured, rebranded, distributed, sold and otherwise placed into the stream of commerce various asbestos-containing products, including, but not limited to, asbestos-containing pumps, asbestos-containing valves, asbestos-containing turbines, asbestos-containing compressors, asbestos-containing braking systems for vehicles, asbestos-containing brake assemblies, asbestos-containing brake linings, asbestos-containing clutch assemblies and other asbestos-containing materials. Defendants asbestos-containing pumps, valves, turbines, compressors, vehicles, and other equipment contained, among other things, asbestos-containing gaskets, asbestos-containing packing, asbestos-containing cloth or blankets or asbestos-containing board when sold, which were designed, expected and intended to wear out and be replaced on a regular basis during the lifetime of the equipment. Furthermore, Defendants knew, expected and intended that the asbestos-containing components of its pumps, valves, turbines, compressors, and other equipment were designed, expected and intended to wear out and be replaced during the useful lifetime of these pumps, valves, turbines, compressors, and other equipment and would be replaced with additional asbestos-containing replacement parts and that the hazards attendant with working with or around the asbestos-containing replacement parts would be identical to those of working with the original parts. Finally, Defendants profited from selling asbestos-containing pumps, valves, turbines, compressors, and other equipment that were designed to outlive the first asbestos-containing gaskets, packing, blankets,

cloth, and boards that were provided with them.  That is, by designing and manufacturing a piece of equipment whose body, engine and braking systems (and other components) were designed and constructed to outlive the first set of asbestos-containing gaskets, packing, blankets, cloth, and boards supplied with the piece of equipment, the defendants were able to sell their asbestos-containing pumps, valves, turbines, compressors, and other equipment for far more money and profit than they would have been able to sell a pump, valve, turbine, compressor, or other equipment that only lasted as long as the first set of asbestos-containing gaskets, packing, blankets, cloth, or boards.  Additionally, the Defendants' insured against the dangers of the expected and intended uses of their asbestos-containing pumps, valves, turbines, compressors, and other equipment, including but not limited to the dangers at issue in this case.

24.     The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Petitioner who was an intended and foreseeable user and bystander who was exposed to these asbestos products or asbestos-containing equipment.  These defects include, without limitation, the following:

a.     the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b.     the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

c.     lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d.     lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e.     failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f.     failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g.     failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h.     failure to properly design these products when the nature of the product did not require use

of asbestos mineral or where alternate, equally suitable substances were readily available;

i.     defects in the composition and construction of these products;

j.     failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k.     failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

n.     overwarranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants;

o.     failure to inform the Petitioner of the need for adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on the Petitioner's clothing; and

p.     failure to inform or warn the Petitioner of the hazards of asbestos exposure; and,

q.     liability to Petitioner in strict liability for things in their garde, possession, custody or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

25.     The defective conditions of defendants' products and asbestos-containing equipment and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

26.     Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

<u>**STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SELLER, DISTRIBUTOR, SUPPLIER, AND CONTRACTOR DEFENDANTS**</u>

27.     As to ANCO INSULATIONS, INC., ARROWOOD INDEMNITY COMPANY, f/k/a ROYAL INDEMNITY COMPANY, as successor-in-interest to QUEENS INSURANCE COMPANY OF AMERICA and to ROYAL INSURANCE COMPANY OF AMERICA, and ZURICH AMERICAN INSURANCE COMPANY (as insurers for Anco Insulations, Inc.); EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc., LAMORAK INSURANCE COMPANY, f/k/a OneBeacon Insurance Company, f/k/a Commercial Union Insurance Company, as the Liability Insurer of EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.; INTERNATIONAL PAPER COMPANY (*individually and as successor by merger with* CHAMPION INTERNATIONAL CORPORATION, *successor by merger with* UNITED STATES PLYWOOD CORPORATION); McCARTY CORPORATION; TAYLOR-SEIDENBACH, INC; and, ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty

Company, as the insurer of MARQUETTE INSULATION, INC., Petitioner asserts causes of action in strict liability for the manufacture and sale of unreasonably dangerous asbestos-containing products, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant lung cancer.

28.     As to the Defendants listed directly above in the first paragraph of this Count, Petitioner asserts causes of action in negligence for the sale and supply of asbestos and asbestos-containing products and failure to warn, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant lung cancer.

29.     As to the Defendants listed directly above in the first paragraph of this Count, Petitioner asserts causes of action in strict products liability as the commercial supplier of asbestos and asbestos-containing products, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant lung cancer.

30.     As to the Defendants listed directly above in the first paragraph of this Count, Petitioner asserts causes of action in negligence for the lack of reasonable care in the handling, use, installation and removal of asbestos-containing products in the vicinity of Petitioner Wilson Goffner, Sr. and failure to warn, and strict *garde* liability for damages caused by products within their care, custody, and control, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant lung cancer.

31.     The Defendants listed directly above in the first paragraph of this Count sold asbestos-containing insulation and building products to Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during Petitioner's exposure period from approximately 1969 through the 1970's. They knew or should have known they were selling unreasonably dangerous products and failed to warn about those dangers.  In addition, these Defendants were and are liable as a "professional vendor" of asbestos-containing products.  In addition, these Defendants are liable for "manufacturing" asbestos containing products, including pipe insulation, cement, gaskets, blankets and fittings, marinite/micarta "sandwich" boards, which they sold to, or used during insulation or other contract work performed at, Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the Petitioner Petitioner's exposure period from approximately 1969 to the late-1970's.  Petitioner was exposed to said products.  Said products were unreasonably dangerous *per se*, unreasonably dangerous in normal use, and dangerous in design or composition.  In addition, said products were unreasonably dangerous because these Defendants failed to properly warn workers, including Petitioner of those dangers.  In addition, the owners and operators of Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the exposure period from the approximately 1969 to the late-1970's contracted with one or more of these Defendants to perform insulation or other contracting work, involving the installation, removal, handling and/or manipulation of asbestos-containing material.  Said insulation work had the direct result of releasing

10

into the workplace atmosphere, within Petitioner's breathing zone and onto his clothing, dangerous levels of asbestos dust and fibers. Consequently, Petitioner was exposed to, and inhaled, said asbestos dust sustaining injury to his lungs, culminating in development of malignant lung cancer. These Defendants were negligent in failing to isolate their work activities involving asbestos, not warning bystanders regarding the dangers of inhaling asbestos dust, and not using proper administrative and engineering controls, such as proper ventilation and wet-down techniques, to minimize and/or eliminate asbestos exposure suffered by bystander employees, including Petitioner. In addition, these Defendants held out to the public, by their representations and packaging, including the use of boxes, cartons or bags bearing the name or logo of their company, that they were the manufacturers of the asbestos-containing products which they sold to Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the exposure period from approximately 1969 to the late-1970's. Consequently, under Louisiana law, these Defendants are deemed to be "manufacturers" of the asbestos-containing products they sold, and are strictly liable for the injury they caused to Petitioner.

32.    The asbestos-containing products manufactured, distributed, and/or sold by these Defendants were unreasonably dangerous in normal use, were defective in design or composition, were dangerous *per se* and/or were dangerous because of a lack of a proper warning regarding their dangers. In addition, these Defendants made various representations and warranties regarding the safety, efficacy or desirability of using their asbestos-containing products. These Defendants are liable for breaching these warranties because, in fact, their asbestos-containing products are extremely dangerous and are not particularly useful due to the availability of asbestos-free substitute products. Further, these Defendants failed to properly warn the Petitioner of the dangers associated with the use of such products, including the risk of developing mesothelioma, cancer and other lung diseases.

33.    These Defendants are strictly liable for manufacturing and selling dangerous and defective products. Alternatively, they are liable for their negligence in manufacturing and selling dangerous and defective asbestos-containing products and for failing to properly warn regarding their dangers.

34.    As a result of the defective and unreasonably dangerous condition, design and composition of the asbestos-containing product manufactured, distributed and/or sold by these Defendants, the Petitioner, was exposed to and caused to inhale, during the Petitioner's exposure period from 1969 to the late-1970's to dangerous amounts of asbestos dust and fibers. As a direct result, he developed malignant lung cancer from which he currently suffers.

35.    The aforementioned acts and omissions of the defendants, for which they are solidarily and jointly liable, under a strict liability or negligence standard, proximately caused the Petitioner's injuries, damages and losses.

**NEGLIGENCE ACTION AGAINST AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, AND ITS EXECUTIVE OFFICERS**

36.     Petitioner was exposed to asbestos-containing products directly from AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, from approximately 1969 through approximately the late-1970's. Petitioner's exposure to asbestos products occurred without fault on his part. Petitioner hereby alleges that AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers, **James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon** are liable for injuries, as alleged, arising out of the negligent conduct of AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its corporate executive officers as detailed herein, and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust.

37.     As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos from Avondale Shipyards, Inc., Petitioner has received injuries, both physically and mentally, including, without limitation, all of the ramifications of malignant lung cancer.

38.     AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Plaintiff in the following:

   a.     failed to provide the Petitioner with a safe work environment;

   b.     failed to provide the Petitioner with correct, adequate, or proper safety equipment;

   c.     failed to provide the Petitioner with proper respirators which would prevent or reduce inhalation of dangerous levels of asbestos dust and fibers;

   d.     failed to have a written and adequate respiratory program;

   e.     failed to require employees to wear appropriate respiratory protective equipment when exposed to asbestos dust and fibers;

   f.     failed to warn or inform the Petitioner regarding the dangers involved in inhaling asbestos dust and fibers and the protective measures to be followed to prevent or reduce exposures;

12

g.     failed to provide adequate ventilation and implement proper administrative and engineering controls to eliminate and/or reduce Petitioner's exposure to asbestos dust and fibers;

h.     failed to conduct adequate air monitoring or dust sampling to detect asbestos in the air;

i.     failed to isolate work activities involving the handling of asbestos, including but not limited to not wetting down asbestos when it was removed and/or handled;

j.     negligently delegated safety responsibility to employees who lacked proper and sufficient training, education, experience, and expertise to properly discharge that duty, particularly with regard to the hazard of asbestos, and failed to adequately monitor how those safety officers discharged their duties;

k.     took inadequate measures to protect the health and safety of its employees, including the Petitioner;

l.     developed and implemented an inadequate safety program with respect to the hazard of asbestos;

m.     recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the work site;

o.     recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

p.     failed to timely remove asbestos hazards from the work place;

q.     failed to properly supervise or monitor the work areas for compliance with safety regulations;

r.     failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

s.     failed to provide the necessary facilities, practices and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of the Petitioner.

39.     The above-described negligence, fault, and willful misconduct of these defendants were a proximate cause of the Petitioner's injuries.

40.     At all times throughout Petitioner's exposure to asbestos present and used by AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON

13

INGALLS INCORPORATED facilities, AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS and its Executive Officers knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries and cancer.  Petitioner is not alleging that AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers, SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers, **James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon** are liable for the mere use of asbestos; rather, Avondale and its Executive Officers are liable for the misuse of asbestos including but not limited to the failure to warn of the hazardous nature and dangers of asbestos and for the failure to take and implement reasonable safety and industrial hygiene measures, failure to train, and failure to adopt procedures for the safe installation and removal of asbestos as set forth in the preceding paragraphs of this Count.

41.    At all material times herein, AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED and its Executive Officers, **James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon** were Executive Officers of Huntington Ingalls, Inc. f/k/a Northrop Grumman Shipbuilding, Inc. (formerly Northrop Grumman Ship Systems, Inc., formerly Avondale Industries, Inc. and formerly Avondale Shipyards, Inc.) (hereinafter sometimes "Avondale" or "Avondale Industries, Inc.") with the specific responsibility for the health and safety of Petitioner and his fellow employees during the time they were exposed to substances which resulted in Petitioner's malignant lung cancer and other ill effects related thereto.  Pursuant to Louisiana Revised Statute 22:655, Petitioner herein asserts a direct action against

Lamorak Insurance Company, f/k/a One Beacon America Insurance Company (as successor to Commercial Union Insurance Company), The Travelers Indemnity Company and/or Certain Underwriters at Lloyd's London, who, at all times material herein, were the insurance carriers covering **James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon** and Avondale were also insured by American Motorists Insurance Company for the liability asserted herein, and Petitioner asserts a claim against Avondale for this liability pursuant to a buy-back contract and agreement.

42.    Under a "buy-back" contract and agreement between Northrop Grumman Shipbuilding, Inc. (Formerly, Northrop Grumman Ship Systems, Inc., formerly Avondale Industries, Inc., formerly Avondale Shipyards, Inc.) and American Motorists Insurance Company (currently in receivership) ("AMICO"), the Petitioner asserts an action against Avondale pursuant to La. Civil Code articles 1821-1823 because Avondale "bought-back" from AMICO the liability for successful claims against the Avondale executive officers named in this Petition, and Petitioner asserts a claim against Avondale for this liability pursuant to a buy-back contract and agreement.

43.    On or about October 2004, Avondale Shipyards and AMICO entered into a written agreement that purported to fully and finally release AMICO from its obligation to pay third-party claims under certain liability insurance policies.  These insurance policies had been in effect during the relevant time of tortious asbestos exposure at Avondale Shipyards, as described supra.  In exchange for the full and final release, Avondale Shipyards accepted policy proceeds sufficient to exhaust the policies and prevent Plaintiffs, including Petitioner, from making a claim against the policies. Petitioner was a third party beneficiary to these liability insurance policies, which were issued by AMICO to Avondale and its executive officers and other employees to provide coverage for the types of claims at issue in this lawsuit.  The agreement described herein unconstitutionally divested Petitioner of her substantive property right to pursue the liability insurers of her tortfeasor, after her asbestos exposure claims had accrued. AMICO is now in receivership and unavailable to Petitioner.  Based on these allegations, Petitioner alleges a claim against Avondale Shipyards under Articles 1821, et seq. of the Louisiana Civil Code.

### STRICT LIABILITY AND NEGLIGENCE ACTION AGAINST THE PREMISE DEFENDANTS, ITS EXECUTIVE OFFICERS AND INSURERS OF PREMISES DEFENDANTS AND EXECUTIVE OFFICERS

44.    Petitioners further allege strict premise liability and negligence of defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine & Iron Works, Inc.: **George Hebert, Charles Adams, Dooch Pitre,**

15

Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano; CONTINENTAL INSURANCE COMPANY, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Trinity Industries, Inc. as insurer to Gretna Machine and Iron Works and executive officers of Gretna Machine & Iron Works, Inc.: **George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano;** EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN (Wausau Insurance Company), as the Liability Insurer of Trinity Industries, Inc. as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine & Iron Works, Inc.: **George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano;** HARTFORD ACCIDENT AND INDEMNITY COMPANY, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Trinity Industries, Inc. as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine and Iron Works: **George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano;** and THE TRAVELERS INDEMNITY COMPANY, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Trinity Industries, Inc. as insurer to Gretna Machine & Iron Works, Inc. and executive officers of Gretna Machine & Iron Works, Inc.: **George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano** (the "Premise Defendants") in failing to provide Petitioner a safe place in which to work free from the hazards of asbestos. Petitioner was exposed to asbestos-containing products directly from the Gretna Machine & Iron Works, Inc.

45.     Gretna Machine & Iron Works, Inc, where Petitioner's exposure to asbestos occurred or originated, was insured by the Premises Defendants and was unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk. This unreasonably dangerous condition was a direct and proximate cause of Petitioner's injuries set forth herein.

46.     The Premise Defendants were obligated and had a duty to provide a safe workplace for Petitioner.  The Premise Defendants negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability failed to properly discharge their duties to Petitioner in the following particulars:

      a.  failed to provide the Petitioner with a safe work place;

      b.  failed to provide the Petitioner with respirators which, when worn, would prevent or reduce his inhalation of dangerous levels of asbestos dust and fibers;

16

c.   failed to provide the Petitioner with correct, adequate, or proper safety equipment;

d.   failed to ensure that the worksites had adequate ventilation equipment and systems to eliminate and/or reduce Petitioner's exposure to asbestos dust and fibers;

e.   failed to ensure that adequate engineering and administrative controls were implemented to eliminate and/or reduce Petitioner's exposure to asbestos dust and fibers;

f.   failed to ensure that adequate air monitoring or dust sampling was done to detect dangerous levels of asbestos in the air;

g.   recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the Petitioner's worksite;

h.   recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksite(s) of the Premise Defendants;

i.   failed to timely remove asbestos hazards from the work place;

j.   They failed to ensure that work activities involving the handling or use of asbestos were isolated from the employees, including Petitioner, by cordoning off, and restricting access to, those work areas;

k.   They failed to implement measures, such as the wet-down of asbestos, to reduce dust levels;

l.   They failed to ensure that asbestos-free insulation and building products were used instead of asbestos-containing materials;

m.   They failed to ensure that asbestos materials were encapsulated or maintained in such a condition that the asbestos was not friable;

n.   failed to properly supervise or monitor the work areas for compliance with safety regulations;

o.   failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

p.   failed to provide the necessary facilities, practices and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of Decedent.

These specific acts of fault were a substantial contributing factor of Petitioner's injuries.

47.	At all times throughout Petitioner's exposure to asbestos present and used within Gretna Machine & Iron Works, Inc. the Premise Defendants knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet the Premise Defendants consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

48.	The Premise Defendants are strictly liable for hazardous things in their guard, area, custody or right of control; and/or any other acts or omissions as may be revealed in discovery or at trial.

49.	During the course of Petitioner's work at the Premise Defendant's facilities the asbestos or asbestos-containing products to which contributed to Petitioner's exposure were within the care, custody, and control of the Premise Defendants, and the longstanding use and presence of asbestos at the Premise Defendant's jobsite caused that asbestos to be incorporated into the premises and resulted in it becoming a permanent fixture therein.  Therefore, the Premise Defendants are strictly liable for Petitioner's injuries pursuant to Louisiana Civil Code Articles 660, *et seq.* and 2317.

50.	At all material times herein, **George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano** were Executive Officers of Gretna Machine & Iron Works, Inc. with the specific responsibility for the health and safety of Petitioner Wilson Goffner, Sr. and his fellow employees during the time they were exposed to substances which resulted in Petitioner's malignant lung cancer and other ill effects related thereto.  Pursuant to Louisiana Revised Statute 22:655, Petitioner herein asserts a direct action against CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; CONTINENTAL INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN (Wausau Insurance Company); HARTFORD ACCIDENT AND INDEMNITY COMPANY; and THE TRAVELERS INDEMNITY COMPANY who, at all times material herein, was the insurance carrier covering **George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano** for the liability asserted herein.

51.	Petitioner suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by Gretna Machine & Iron Works, Inc., which exposure ultimately resulted in his contraction of malignant lung cancer.

52.	The above-described negligence, fault, strict liability and willful misconduct of the Premise Defendants were each a proximate cause of Petitioner's injuries.

## INSURANCE ALLEGATIONS

53.     Defendant ARROWOOD INDEMNITY COMPANY, f/k/a ROYAL INDEMNITY COMPANY, as successor-in-interest to QUEENS INSURANCE COMPANY OF AMERICA and to ROYAL INSURANCE COMPANY OF AMERICA, TRAVELERS INDEMNITY COMPANY, as successor-in-interest to QUEENS INSURANCE COMPANY OF AMERICA and to ROYAL INSURANCE COMPANY OF AMERICA, and ZURICH AMERICAN INSURANCE COMPANY issued policies of comprehensive general liability insurance to Anco Insulations, Inc.  These Insurance Defendants provided coverage for the causes of action asserted by Petitioner against Anco Insulations, Inc. As such, the Insurance Defendants are liable for the damages alleged herein and any supplement against Anco Insulations, Inc., individually, jointly and *in solido*.

54.     Defendant LAMORAK INSURANCE COMPANY, f/k/a OneBeacon Insurance Company, f/k/a Commercial Union Insurance Company, issued policies of comprehensive general liability insurance to Eagle, Inc. This Insurance Defendant provided coverage for the causes of action asserted by Petitioner against Eagle, Inc. As such, the Insurance Defendant is liable for the damages alleged herein and any supplement against Eagle, Inc., individually, jointly and *in solido*.

55.     Defendant LAMORAK INSURANCE COMPANY, f/k/a One Beacon America Insurance Company, f/k/a Commercial Union Insurance Company, THE TRAVELERS INDEMNITY COMPANY and/or CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Avondale, and its executive officers, **James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon**, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and as such, Defendants LAMORAK INSURANCE COMPANY, f/k/a One Beacon America Insurance Company, f/k/a Commercial Union Insurance Company, THE TRAVELERS INDEMNITY COMPANY and/or CERTAIN UNDERWRITERS AT LLOYD'S, LONDON are directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

56.     Defendant CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; CONTINENTAL INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN (Wausau Insurance Company); HARTFORD ACCIDENT AND INDEMNITY COMPANY; and THE TRAVELERS INDEMNITY COMPANY, on information and belief, had in full

force and effect a policy or policies of liability or excess insurance insuring Gretna Machine & Iron Works, Inc. and its executive officers, **George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano**, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; CONTINENTAL INSURANCE COMPANY; EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN (Wausau Insurance Company); HARTFORD ACCIDENT AND INDEMNITY COMPANY; and THE TRAVELERS INDEMNITY COMPANY are directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

57.    Defendant ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of MARQUETTE INSULATION, INC., on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Marquette Insulation, Inc. against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of MARQUETTE INSULATION, INC. is directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

58.    Defendant LIBERTY MUTUAL INSURANCE COMPANY as the insurer of WAYNE MANUFACTURING COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Wayne Manufacturing Company against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant LIBERTY MUTUAL INSURANCE COMPANY as the insurer of WAYNE MANUFACTURING COMPANY is directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

### STRICT LIABILITY AND NEGLIGENCE ACTION AGAINST PETITIONER'S EMPLOYERS AND ITS EXECUTIVE OFFICERS

59.    Petitioner was exposed to asbestos-containing products during the course and scope of his employment while employed by Gretna Machine & Iron Works, Inc., n/k/a TRINITY INDUSTRIES, INC, individually and as successor-in-interest to Gretna Machine & Iron Works, Inc. from approximately 1969 to 1972 (the "Employer Defendants"). Petitioner's exposure to asbestos products occurred without fault on his part. Petitioner hereby alleges that the Employer Defendants and their Executive Officers, both living and deceased through the Employer Defendants' Insurers, are liable for injuries, as alleged, arising out of the negligent conduct of the Employer Defendants and their corporate executive officers as detailed herein,

and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust for Petitioner. At all material times herein, **George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano** were Executive Officers of Gretna Machine & Iron Works, Inc. with the specific responsibility for the health and safety of Petitioner Wilson Goffner, Sr. and his fellow employees during the time they were exposed to substances which resulted in Petitioner's malignant lung cancer and other ill effects related thereto.

60.     As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working for the Employer Defendants, Petitioner received injuries, both physically and mentally, including, without limitation malignant lung cancer from which he currently suffers and mental anguish associated with his condition.

61.     Lung cancer is a disease that was not covered in the Louisiana Workers' Compensation Act during the years 1961 through 1976. Therefore, Petitioner is entitled to sue the Employer Defendants and their Executive Officers in tort for damages for Petitioner's malignant lung cancer, and for compensation for the Petitioner's injuries, damages and losses.

62.     The Employer Defendants and their Executive Officers were obligated and had a duty to provide a safe workplace for Petitioner. The Employer Defendants and their Executive Officers negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability failed to properly discharge their duties to the Petitioner in the following:

    a.    failed to provide the Petitioner with a safe work place;

    b.    failed to provide the Decedent with respirators which, when worn, would prevent or reduce his inhalation of dangerous levels of asbestos dust and fibers;

    c.    failed to provide the Decedent with correct, adequate, or proper safety equipment;

    d.    They failed to ensure that the facility had adequate ventilation equipment and systems to eliminate and/or reduce Petitioner's exposure to asbestos dust and fibers:

    e.    They failed to ensure that adequate engineering and administrative controls were implemented to eliminate and/or reduce Petitioner's exposure to asbestos dust and fibers;

    f.    They failed to ensure that adequate air monitoring or dust sampling was done to detect dangerous levels of asbestos in the air;

    g.    recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the Petitioner's worksite;

    h.    recklessly concealed and negligently omitted to reveal critical medical and safety

information from the Decedent regarding the safety and health risks associated with the asbestos and asbestos-containing products at his worksites;

i.   failed to timely remove asbestos hazards from the work place;

j.   They failed to ensure that work activities involving the handling or use of asbestos were isolated from the employees, including Petitioner, by cordoning off, and restricting access to, those work areas;

k.   They failed to implement measures, such as the wet-down of asbestos, to reduce dust levels;

l.   They failed to ensure that asbestos-free insulation and building products were used instead of asbestos-containing materials;

m.   They failed to ensure that asbestos materials were encapsulated or maintained in such a condition that the asbestos was not friable;

n.   failed to properly supervise or monitor the work areas for compliance with safety regulations; and

o.   failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

63.   The Employer Defendants and their Executive Officers are strictly liable for hazardous things in their guard, area, custody or right of control; and/or any other acts or omissions as may be revealed in discovery or at trial.

64.   The above-described negligence, fault and willful misconduct of the Employer Defendants and their Executive Officers were a proximate cause of the Petitioner's injuries. The above-described negligence, fault, strict liability and willful misconduct of the Employer Defendants and their Executive Officers were each a proximate cause of Petitioner's injuries.

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 64, Petitioner requests that defendants be served with this petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Petitioner for the following:

a.   all past, present and future medical costs or expenses related thereto;

b.   all past, present and future lost earnings;

c.   all past, present and future mental suffering, anguish and pain sustained by Petitioner;

d.   all past, present and future physical pain and suffering sustained by Petitioner;

e.   the disfigurement suffered by Petitioner;

f.   loss of quality of life;

g.   past, present, and future disability;

22

h.   all other forms of relief or categories of damages allowed by Louisiana law for survival

claims, with interest from the date of injury until paid, plus costs of these proceedings.

**WHEREFORE** Petitioner prays that after due proceedings had, there be judgment herein in favor

of Petitioner and against the defendants as prayed for.

Respectfully submitted,

**LANDRY & SWARR, LLC**

MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
PHILIP HOFFMAN, Bar No. 32277
MATTHEW CLARK, Bar No. 31102
1100 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

and

**THE NEMEROFF LAW FIRM**
*A Professional Corporation*

BARRETT NAMAN, Bar No. 34368
JEFFREY A. O'CONNELL, Bar No. 30282
RYAN P. PHILLIPS, Bar No. 36924
3355 West Alabama Street, Suite 650
Houston, Texas 77098
Telephone: (281) 378-5970
Facsimile: (281) 378-5976

COUNSEL FOR PLAINTIFF

A TRUE COPY

*Kayla Bourgeois*

JEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**PLEASE SERVE THE ORIGINAL PETITION FOR DAMAGES ON THE FOLLOWING:**

1. ANCO INSULATIONS, INC.
Through its registered agent for service of process:
CT CORPORATION SYSTEM
3867 Plaza Tower Drive
Baton Rouge, LA 70816

2. ARROWOOD INDEMNITY COMPANY, f/k/a ROYAL INDEMNITY COMPANY, as successor-in-interest to QUEENS INSURANCE COMPANY OF AMERICA and to ROYAL INSURANCE COMPANY OF AMERICA (as insurer for Anco Insulations, Inc.) (via Service of process via the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

3. CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION)
A Delaware Corporation
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

4. CBS CORPORATION (f/k/a VIACOM, INC. *successor by merger with* CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION)
Through the Louisiana Long Arm Statute:
CBS Headquarters
51 W. 52nd Street
New York, NY 10019-6188

5. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Gretna Machine and Iron Works and executive officers of Gretna Machine and Iron Works: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via Service of process via the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

6. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the liability insurers of the Following Executive Officers of Avondale Industries, Inc.: James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon (via service of process by the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

7. CONTINENTAL INSURANCE COMPANY,
a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Gretna Machine and Iron Works and executive officers of Gretna Machine and Iron Works: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via Service of process via the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

8. EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.
Through its registered agent for service of process:
Susan B. Kohn
1100 Poydras Street

30th Floor
New Orleans, LA 70163

9.  EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN (a Wausau Insurance Company), a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Gretna Machine and Iron Works and executive officers of Gretna Machine and Iron Works: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via Service of process via the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

10. GOULDS PUMPS LLC
Through its registered agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

11. GRINNELL CORPORATION
Through its registered agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

12. HARTFORD ACCIDENT AND INDEMNITY COMPANY, a non-Louisiana foreign insurer registered to do or doing business in the State of Louisiana, as the Liability Insurer of Gretna Machine and Iron Works and executive officers of Gretna Machine and Iron Works: George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and John Galliano (via Service of process via the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

13. HOPEMAN BROTHERS, INC.
A Delaware Corporation
Through the Secretary of State:
C.T. Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060

14. HOPEMAN BROTHERS, INC.
A Delaware Corporation
Through the Louisiana Long Arm Statute:
435 Essex Ave.
Waynesboro, VA 22980

15. INTERNATIONAL PAPER COMPANY (*individually and as successor by merger with* CHAMPION INTERNATIONAL CORPORATION, *successor by merger with* UNITED STATES PLYWOOD CORPORATION);
Through its registered agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge LA 70816

16. LAMORAK INSURANCE COMPANY, f/k/a OneBeacon Insurance Company, f/k/a Commercial Union Insurance Company, as the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman, Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A. Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard, Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V. Moore and Burnette L. "Frenchy" Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

17.   LAMORAK INSURANCE COMPANY, f/k/a OneBeacon Insurance Company, f/k/a Commercial
Union Insurance Company, as the Liability Insurer of EAGLE, INC., f/k/a Eagle Asbestos &
Packing Co., Inc., f/k/a Eagle Packing & Equipment Co., Inc. (via Service of press via the Direct
Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

18.   LIBERTY MUTUAL INSURANCE COMPANY, As the insurer of Wayne Manufacturing
Company
Through the Louisiana Secretary of State:
8585 Archives Avenue
Baton Rouge, LA 70809

19.   McCARTY CORPORATION
A Louisiana Corporation
Through its registered agent:
Paul H. Spaht
4232 Bluebonnet Blvd.
Baton Rouge, LA 70809

20.   TAYLOR-SEIDENBACH, INC.
A corporation duly organized, created and existing under and by virtue of the laws of the state of
Louisiana, with its principal place of business in New Orleans, Louisiana
Through its registered agent for service of process:
Robert I. Shepard
731 South Scott Street
New Orleans, LA 70119

21.   THE TRAVELERS INDEMNITY COMPANY, f/k/a OneBeacon Insurance Company, f/k/a
Commercial Union Insurance Company, as the Liability Insurers of the Following Executive
Officers of Avondale Industries, Inc.:  James H. Bull, Henry "Zac" Carter, C. Edwin Hartzman,
Albert L. Bossier, Jr., Hettie Dawes Eaves, James R. O'Donnell, Jr., Steven J. Kennedy, John A.
Chantrey, Peter R. Territo, George L. Kelmell, John David "J. D." Roberts, Edward A. Blanchard,
Ollie H. Gatlin, James Melton Garrett, Earl Spooner, James T. Cole, John K. McCue, Ewing V.
Moore and Burnette L. "Frenchy" Bordelon (via service of process by the Direct Action Statute L.
R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

22.   THE TRAVELERS INDEMNITY COMPANY, as successor-in-interest to QUEENS
INSURANCE COMPANY OF AMERICA and to ROYAL INSURANCE COMPANY OF
AMERICA (as insurer for Anco Insulations, Inc.) (via Service of process via the Direct Action
Stature L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

23.   THE TRAVELERS INDEMNITY COMPANY, as the Liability Insurer of Gretna Machine and
Iron Works and executive officers of Gretna Machine and Iron Works: George Hebert, Charles
Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux and
John Galliano (via Service of process via the Direct Action Statute L. R. S. 22:655)
Through the Louisiana Secretary of State
8585 Archives Avenues
Baton Rouge, Louisiana 70809

24.   TRINITY INDUSTRIES, INC., individually and as successor in interest to GRETNA MACHINE
& IRON WORKS, INC.,
A Texas Corporation
Through the Louisiana Long Arm Statute:
14221 North Dallas Parkway
Suite 1100
Dallas, TX 75254

25.   ZURICH AMERICAN INSURANCE COMPANY (as insurer for ANCO INSULATIONS, INC.)
(via Service of process via the Direct Action Stature L. R. S. 22:655)
Through the Louisiana Secretary of State:
8585 Archives Avenue
Baton Rouge, LA 70816

26.   ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland
Casualty Company, as the insurer of MARQUETTE INSULATION, INC.
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

27.   HUNTINGTON INGALLS INCORPORATED f/k/a NORTHROP GRUMMAN SHIP
SYSTEMS, INC. f/k/a AVONDALE INDUSTRIES, INC.
Through its registered agent for service of process:
C.T. Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

28.   ALBERT L. BOSSIER, JR., As an Executive Officer of Avondale Industries, Inc.
Through Brian C. Bossier
Blue Williams LLP
3421 N. Causeway Boulevard, Ninth Floor
Metairie, LA 70002

29.   JOHN DAVID "J.D." ROBERTS, as an Executive Officer of Avondale Industries, Inc.
Through R. Dean Church
Law Offices of R. Dean Church
14236 Highway 90
Boutte, LA 70039

**PLAINTIFF'S ORIGINAL PETITION**
**EXHIBIT "A"**

FILED

2021 FEB 18  PM 3: 34

CIVIL
DISTRICT COURT

| | |
|---|---|
| Plaintiff: | Wilson Goffner, Sr. |
| Address: | 1633 Pailet Avenue<br>Harvey, Louisiana 70058 |
| Plaintiff's SSN: | xxx-xx-7850 |
| Disease: | Malignant lung cancer |
| Work History: | Jobsites and employers are not all inclusive, and Petitioner reserves the right to amend this Exhibit after further discovery is completed.  Dates are best approximations: |

| EMPLOYER | SITE | CRAFT | YEARS |
|---|---|---|---|
| Gretna Machine and Iron Works | Gretna, LA | Laborer | 1969-1972 |
| Avondale Industries, Inc. | Avondale Shipyard – Bridge City, LA | Shipfitter | 1974-1997 |