## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILSON GOFFNER, SR.,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  22-3047** |
| **ANCO INSULATIONS, INC., ET AL.,**<br>     **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Wilson Goffner, Sr. ("Plaintiff").[1] Defendant Huntington Ingalls Incorporated ("Avondale") filed an opposition.[2] Plaintiff filed a reply.[3] Avondale filed a sur-reply.[4] For the reasons that follow, Plaintiff's motion to remand is **DENIED**.[5]

## BACKGROUND

This personal injury suit is based on Plaintiff's alleged exposure to asbestos. Plaintiff alleges he "suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained, used owned or removed by the defendants, which exposure ultimately resulted in his contract of malignant lung cancer."[6] Plaintiff alleges he was employed by Avondale from 1974 to 1997 as a shipfitter, where he handled, and was in the vicinity of others handling, asbestos or asbestos-containing products.[7] On May 8, 2020, Plaintiff was diagnosed with malignant

---

[1] R. Doc. 12.
[2] R. Doc. 45.
[3] R. Doc. 57.
[4] R. Doc. 60.
[5] R. Doc. 12.
[6] R. Doc. 1-1 at p. 4.
[7] *Id.* at pp. 4, 28.

lung cancer "caused in part from asbestos exposure."[8]

On February 12, 2021, Plaintiff filed a petition for damages in Civil District Court, Parish of Orleans, State of Louisiana, against several Defendants, including Avondale.[9] Plaintiff brings a negligence action against Avondale for failure to warn of the dangers of asbestos and for "failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust," *i.e.*, failure to prevent the spread of asbestos.[10]

Avondale removed Plaintiff's suit to federal court on August 30, 2022.[11] In its Notice of Removal, Avondale asserts the

> Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1).[12]

On September 30, 2022, Plaintiff filed the instant motion to remand.[13] Plaintiff argues remand is warranted because Avondale and its co-defendants "cannot satisfy the 'colorable' defense prong of the Federal Officer Removal statute."[14] Avondale filed an opposition on October 19, 2022.[15] On October 31, 2022, Plaintiff filed a reply.[16] Because Plaintiff raised new arguments in his reply—namely that Avondale also failed to satisfy element two, that it acted under the direction of a federal officer—Avondale sought and was granted leave to file a sur-reply, and it did so on November 1, 2022.[17] The Court held

---

[8] *Id.* at p. 5.
[9] *See generally id.*
[10] *Id.* at pp. 12-13.
[11] R. Doc. 1.
[12] *Id.* at p. 1.
[13] R. Doc. 12.
[14] *Id.* at p. 2.
[15] R. Doc. 45.
[16] R. Doc. 57.
[17] R. Doc. 60.

oral argument on the motion on November 7, 2022.[18]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[19] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[20] Under 28 U.S.C. § 1442, Congress has allowed for the removal of state cases commenced against

> [t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

> The time for removal is set forth in 28 U.S.C. § 1446, which provides:

> (b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.[21]
> . . .
> (g) Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.[22]

---

[18] R. Doc. 61.
[19] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. Feb. 28, 2001).
[20] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. Jan. 8, 2002).
[21] 28 U.S.C. § 1446(b) (emphasis added).
[22] 28 U.S.C. § 1442 (2018).

Section 1442(a)(1), "is a pure jurisdictional statute in which the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for [Article III] purposes."[23] This statute allows federal officers to "remove cases to federal court that ordinary federal question removal would not reach [, ] . . . even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in response."[24] Broadly speaking, this statute allows for removal "where a federal official is entitled to raise a defense arising out of his official duties."[25] The goal of the statute is to "prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so."[26]

Ordinarily, the removing defendant has the burden to establish that federal jurisdiction exists.[27] However, because § 1442(a) must be liberally construed,[28] whether federal officer removal jurisdiction exists must be assessed "without a thumb on the remand side of the scale."[29]

## LAW AND ANALYSIS

The federal officer removal statute authorizes removal when: (1) the defendant is a person within the meaning of the statute; (2) the defendant "acted under" the direction of a federal officer; (3) the defendant's complained-of conduct is "connected or associated

---

[23] *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017) (quoting *Mesa v. California*, 489 U.S. 121, 136 (1989)).
[24] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. Feb. 24, 2020).
[25] *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998).
[26] *Id.* at 397–98.
[27] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. Jan. 8, 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. Mar. 7, 1995)).
[28] *See, e.g, City of Walker v. Louisiana*, 877 F.3d 563, 569 (5th Cir. 2017) ("[F]ederal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited.").
[29] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) (citations omitted).

with" or "related to" a federal directive;[30] and (4) the defendant has a colorable federal defense.[31] Plaintiff argued only that Defendant has not demonstrated elements two and four of the federal officer removal statute.[32] Accordingly, the Court will address each of elements two and four in turn.

## I.    Element Two: Avondale "Acted Under" the Direction of a Federal Officer.

Plaintiff argues Defendant is unable to establish element two of the federal officer removal statute—that Avondale "acted under" the direction of a federal officer. "In order to satisfy the 'acting under' requirement, a removing defendant need not show that its alleged conduct was precisely dictated by a federal officer's directive."[33] "Instead, the 'acting under' inquiry examines the relationship between the removing party and the relevant federal officer, requiring courts to determine whether the federal officer 'exerts a sufficient level of subjection, guidance, or control' over the private actor."[34] "For example, courts in [the Fifth] [C]ircuit have held that negligence claims against federal contractors are removable under the federal officer removal statute, even though the negligence was not directed by federal authorities."[35] Put another away, to litigate in this Court, Avondale need only show it acted under the direction of a federal officer when it

---

[30] *St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, No. 20-30093 at *12 (5th Cir. March 8, 2021) (citing *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 291, 296 (5th Cir. Feb. 24, 2020) and rejecting the Fifth Circuit's former "causal nexus" requirement).

[31] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. Feb. 24, 2020).

[32] R. Doc. 12-1; R. Doc. 57. Indeed, the Court finds Avondale has established elements one and three R. Doc. 45 at p. 41 (element one) ("The Supreme Court has long recognized that the federal officer removal statute also applies to private persons and corporate entities."); *id.* at pp. 42-43 (element three) ("The phrase 'related to' is extremely broad, meaning 'to stand in some relation; to have bearing or concern; to pertain; to refer; to bring into association with or connection with.' Under this *broad* standard, Plaintiff's claims relate to Avondale's actions under color of federal office.").

[33] *St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indemnity Co.*, 990 F.3d 447, 454 (5th Cir. 2021).

[34] *Id.*

[35] *Id.*

used asbestos-containing products. Under the statute, Avondale need not show the alleged failure to warn and failure to prevent the spread was precisely dictated by a federal officer's directive.

Moreover, as raised by Avondale, "[a] private entity is acting under the direction of a federal officer [for removal purposes] where it 'fulfilled the terms of a contractual agreement by providing the Government with a product that it used to help conduct a war' and arguably 'performed a job that, in the absence of a contract with a private firm, the Government itself would have had to perform.'"[36] Likewise, the Fifth Circuit has held "the mere fact that 'the federal government would have had to build those ships had the defendant not done so' sufficient to satisfy the 'acting under' requirement.'"[37]

In *Broussard v. Huntington Ingalls, Inc.*, another section of this Court held Avondale was acting under the direction of a federal officer because "the vessels 'were being built by Avondale under the detailed supervision and control of one or more officers of the United States . . . and [the plaintiff] was injured due, in part, to asbestos-containing products allegedly installed aboard ships built pursuant to contracts with the U.S. Navy'" and because "the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform: building ships 'used to help conduct a war' and to further other national interests."[38] The Court finds,

---

[36] *Neal v. Ameron Int'l Corp.*, 495 F. Supp. 3d 375, 388 (E.D. La. 2020) (citing *Watson v. Philip Morris Co.'s, Inc.*, 551 U.S. 142, 153-54 (2007)).

[37] *Dempster v. Lamorak Ins. Co.*, 435 F. Supp. 3d 708, 725 (E.D. La. 2020) (citing *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015)).

[38] *Broussard v. Huntington Ingalls, Inc.*, No. 20-836, 2020 WL 2744584, at *5 (E.D. La. May 27, 2020).

for the limited purpose of removal, Avondale was acting under the direction of a federal officer for the same reasons articulated by the Court in *Broussard*.[39]

Avondale has provided evidence that it was contracted by the U.S. Navy to build vessels.[40] Avondale also provided evidence that its government contracts required Avondale to use asbestos.[41] Further, had Avondale not built the ships, the Government itself likely would have had to perform. Accordingly, Avondale has established element two of the federal officer removal statute.

## II.  Element Four: Avondale Has a Colorable Federal Defense Under *Boyle*.

Avondale raises three federal defenses to Plaintiff's claims. First, Avondale raises the government contractor defense established by *Boyle v. United Techs. Corp.* and its progeny.[42] Second, it raises the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.* and its progeny.[43] Finally, Avondale argues it has presented a colorable defense of preemption under the Longshore and Harbor Workers' Compensation Act ("LHWCA").[44] The Court finds Avondale has stated a colorable federal defense of government contractor immunity under *Boyle* and as a result, the Court refrains from addressing Avondale's remaining federal defenses for the purposes of this motion.

---

[39] This decision is consistent with the Court's determination as to element four and the application of *Latiolais* at the motion to remand stage.

[40] R. Doc. 60 at p. 5; R. Doc. 48-2 at ¶ 15.

[41] R. Doc. 45 at p. 4. *See Pennino v. Reilly-Benton Co., Inc.*, No. 21-363, 2021 WL 3783184, at *5 (E.D. La. Aug. 26, 2021) (finding Avondale acted under the color of federal office and law when Avondale built ships "constructed with oversight from various governmental authorities and specifications requiring Avondale to use and install asbestos-containing materials").

[42] R. Doc. 45 at pp. 10-23.

[43] *Id.* at pp. 23-29.

[44] *Id.* at pp. 29-41.

Before turning to the instant motion, the Court finds it useful to outline the standard for establishing a colorable federal defense and to clarify the proper elements under *Boyle* applicable at the motion to remand stage.

### A.   The Standard for Establishing a Colorable Federal Defense.

The Fifth Circuit has outlined the standard for asserting a colorable federal officer defense at the motion to remand stage:

> To be "colorable," the asserted federal defense need not be "clearly sustainable," as section 1442 does not require a federal official or person acting under him "to 'win his case before he can have it removed.'" *Jefferson County*, 527 U.S. at 431, 119 S. Ct. at 2075 (quoting *Willingham*, 395 U.S. at 407, 89 S. Ct. at 1816). Instead, an asserted federal defense is colorable unless it is "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *See Zeringue*, 846 F.3d at 790; *see also Bell*, 743 F.3d at 89–91 (deeming an asserted federal defense colorable simply because it satisfied the "causal connection" requirement). Certainly, if a defense is plausible, it is colorable. *Compare Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (plausible claim survives a motion to dismiss), *with Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction."), *and Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249, 71 S. Ct. 692, 694, 95 L.Ed. 912 (1951) ("If the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has.").[45]

For the purpose of removal, a colorable federal defense does not need to be "clearly sustainable."[46] At the motion to remand stage, it is not for the Court to decide today whether a *Boyle* federal contractor defense has merit and shields the defendant from liability. Said differently, the issue is not whether the defendant's federal defenses will ultimately provide a defense against Plaintiff's claims, but whether the federal defenses

---

[45] *Latiolais*, 951 F.3d at 296-97.
[46] *Id*. at 296.

8

are not wholly insubstantial or frivolous. The Court need only find that the defendant raised a *colorable* federal defense. The defendant must raise a federal defense that is plausible and not frivolous or immaterial. The defendant need not win its case before it can be removed.[47]

### B. The Elements Outlined in *Latiolais*, Rather Than *Jowers*, Are Applicable at the Motion to Remand Stage.

The government contractor defense recognized in *Boyle* "extends to federal contractors an immunity enjoyed by the federal government in the performance of discretionary actions."[48] In *Boyle*, the Supreme Court held state law liability may not be imposed for design defects in military equipment "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."[49]

While the test outlined in *Boyle* was not created in the failure to warn context, the United States Court of Appeals for the Fifth Circuit "clearly has applied the *Boyle* government contractor defense in failure to warn cases, as seen in *Jowers v. Lincoln Electric Company*."[50] In *Jowers*, the Fifth Circuit explained, at the post-trial motion stage:

> the defendant would be entitled to the government contractor defense only if it established: (1) the federal government exercised discretion and approved warnings for the product; (2) the warnings the defendant provided about the product conformed to the federal government

---

[47] *See Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) ("We therefore do not require the officer virtually to 'win his case before he can have it removed.") (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).
[48] *Latiolais*, 951 F.3d at 297.
[49] *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988).
[50] *Adams v. Eagle*, No. 21-694, 2022 WL 4016749, at *6 (E.D. La. Sept. 2, 2022) (citing *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346 (5th Cir. 2010)).

specification; and (3) the defendant warned the federal government about dangers known to the defendant but not the government.[51]

A decade later in *Latiolais v. Huntington Ingalls, Inc.*, a case involving Avondale's removal of a plaintiff's suit on the basis of § 1442, the Fifth Circuit articulated a similar but distinct set of elements required to establish a *Boyle* defense at the motion to remand stage.[52] In determining whether Avondale was entitled to a *Boyle* defense, and as a result whether the court had jurisdiction, the Fifth Circuit in *Latiolais* considered whether the following three elements were met:

> (1) the United States approved reasonably precise specifications [as to the dangerous product, *i.e.*, asbestos]; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of [asbestos] that were known to the supplier but not to the United States.[53]

The Court recognizes there are differences between the elements in *Jowers* and in *Latiolais* based on the different contexts in which they were decided. Plaintiff asks this Court to, in effect, ignore *Latiolais* and apply *Jowers* at the remand stage. The Court declines to do so. The difference between the *Latiolais* and *Jowers* framing of the elements is based on the different stages of the proceedings at which the cases were decided. While *Jowers*, the narrower standard, is applicable at the post-trial motion stage, when Avondale must *prove* its defense, *Latiolais* is applicable at the time of removal, when Avondale must demonstrate only a colorable defense. The Court finds the *Boyle* elements as set out in *Latiolais*—not *Jowers*—are applicable when considering a motion to remand.[54]

---

[51] *Id.*

[52] *Latiolais*, 951 F.3d at 297.

[53] *Id.*

[54] This outcome is consistent with the other decisions from this Court post-*Latiolais*. *Compare Adams*, No. 21-694, 2022 WL 4016749 (finding Avondale was not entitled to *Boyle* immunity at the summary judgment

### C.       Avondale Has Stated a Colorable Federal Defense under *Boyle*.

Turning now to the three *Boyle* elements as set out in *Latiolais*, Avondale must demonstrate (1) the United States approved reasonably precise specifications as to asbestos; (2) Avondale's use of asbestos conformed to those specifications; and (3) Avondale warned the United States about the dangers in the use of asbestos that were known to it but not to the United States.[55] It is clear Avondale has done so.

First, Avondale has put forth sufficient evidence that the United States approved reasonably precise specifications as to the use of asbestos. In its opposition to the motion to remand, Avondale provided an affidavit attesting that the U.S. Navy mandated the use of asbestos on the vessels constructed by Avondale and that Avondale could not deviate from the precise materials required without prior approval.[56] Moreover, Avondale provided evidence in the form of affidavits stating that MARAD, authorized by the Merchant Marine Act, provided for the use of asbestos-containing materials.[57] Likewise, the affidavits provided by Avondale demonstrate it was not allowed to make changes to the material specifications without obtaining approval from MARAD.[58]

Second, Avondale's evidence shows it used asbestos in conformance with the United States' specifications. Avondale was never cited by federal inspections for

---

stage), *Falgout v. ANCO Insulations, Inc.*, No. 21-1443, 2022 WL 7540115 (E.D. La. Oct. 12, 2022) (same), *and Crossland*, No. 20-3470, 2022 WL 1082387 (same) *with Robichaux v. Huntington Ingalls, Inc.*, No. 22-610, 2022 WL 1553489 (E.D. La. May 17, 2022) (denying remand, finding Avondale demonstrated a colorable federal officer defense under *Boyle* and *Latiolais* at the motion to remand stage).

[55] *Latiolais*, 951 F.3d at 297.

[56] R. Doc. 45 at p. 3; R. Doc. 48-2 at pp. 12-13.

[57] R. Doc. 48-2 at p. 7.

[58] *Id.* at pp. 7, 9-12.

violations, and the government repeatedly renewed its contracts.[59] Plaintiff has made no allegations that Avondale did not comply with the specifications in its use of asbestos.[60]

Finally, Avondale has sufficiently demonstrated that the United States government knew more about asbestos than it did, and as a result, Avondale was not required to warn the United States about the use of asbestos. In the instant action, Avondale relies on the affidavit of Christopher P. Herfel, as it did in *Latiolais*, a case in which the Fifth Circuit held "Avondale's evidence tends to support that the federal government knew more than Avondale knew about asbestos-related hazards and related safety measures."[61] Like the Fifth Circuit in *Latiolais*, the Court finds Avondale's evidence is sufficient to carry its burden on the third element.[62] Accordingly, Avondale has raised a colorable federal officer defense under *Boyle*.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to remand[63] is **DENIED.**

**New Orleans, Louisiana, this 1st day of December, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[59] R. Doc. 45-7 at pp. 2-3; R. Doc. 45-8 at p. 96; R. Doc. 45-11 at p. 11.
[60] R. Doc. 12; R. Doc. 57.
[61] R. Doc. 45 at p. 17; R. Doc. 48-2 at pp. 14-15.
[62] *Id.* at 297-98. Additionally, Plaintiff argues Avondale's failure to introduce the government contracts it relies upon to support its opposition should result in remand. The Court is not persuaded by this argument. In *Latiolais*, the Court relied on evidence in the form of affidavits deposition testimonies, and other items in the record, notably not including the government contracts at issue. *Id.*
[63] R. Doc. 27.