UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILSON GOFFNER, SR.,**<br>      **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3047** |
| **AVONDALE INDUSTRIES, INC.,**<br>**ET AL.,**<br>      **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Wilson Goffner, Sr. (the "Second Motion to Remand").[1] Defendant Huntington Ingalls Incorporated ("Avondale") filed an opposition.[2] Plaintiff filed a reply.[3] Avondale filed a sur-reply[4] and a notice of supplemental authority.[5] For the reasons that follow, Plaintiff's Second Motion to Remand is **DENIED**.[6]

## BACKGROUND

This case arises out of Wilson Goffner, Sr.'s alleged exposure to asbestos. On February 12, 2021, Plaintiff Goffner filed a petition for damages in the Civil District Court for the Parish of Orleans, asserting claims under Louisiana state tort law against several Defendants including Goffner's former employer, Avondale.[7] In the Petition, Plaintiff alleges he was occupationally exposed to asbestos while working at the Avondale shipyard

---

[1] R. Doc. 154.
[2] R. Doc. 158.
[3] R. Doc. 159.
[4] R. Doc. 162.
[5] R. Doc. 163.
[6] R. Doc. 154.
[7] *See generally* R. Doc. 1-1. Plaintiff asserts negligence claims against Avondale for failure to warn of the dangers of asbestos and for "failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust," *i.e.*, failure to prevent the spread of asbestos. *Id.* at pp. 12-13.

1

from "approximately 1969 through approximately the late 1970s."[8] Plaintiff claims that, on or about May 8, 2020, he was diagnosed with malignant lung cancer "caused in part from asbestos exposure."[9]

On August 30, 2022, Defendant Avondale removed the action to this Court, invoking federal jurisdiction under 28 U.S.C. § 1441 and claiming "Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1)."[10] On September 30, 2022, Plaintiff filed his First Motion to Remand arguing removal was improper because Avondale and its co-defendants could not "satisfy the 'colorable' defense prong" of 28 U.S.C. § 1442(a)(1) (the "Federal Officer Removal Statute").[11] On December 1, 2022, the Court denied Plaintiff's First Motion to Remand (the "December 2022 Order and Reasons"), reasoning that Avondale "acted under" the direction of a federal officer and carried its burden to sufficiently raise a colorable federal officer defense.[12] On May 6, 2024, Plaintiff filed the instant motion—his Second Motion to Remand—arguing that removal of the case to this Court was improper because Avondale was not acting under a federal officer as defined by 28 U.S.C. § 1442(a)(1).[13]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[14] Pursuant to the Federal Officer Removal Statute, a defendant may remove a matter brought against:

---

[8] *Id.* at p. 4.
[9] *Id.* at p. 5.
[10] R. Doc. 1 at p. 3.
[11] R. Doc. 12 at p. 2.
[12] R. Doc. 66 at pp. 7, 12 (citing *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020)).
[13] R. Doc. 154 at p. 1.
[14] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . .[15]

Section 1442(a)(1) "is a pure jurisdictional statute in which the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for [Article III] purposes."[16] The Federal Officer Removal Statute allows officers to "remove cases to federal court that ordinary federal question removal would not reach[,] . . . even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in response."[17] The statute aims to "prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so."[18] Thus, while the removing party ordinarily "bears the burden of showing that federal jurisdiction exists and that removal was proper,"[19] courts assess jurisdiction arising out of the Federal Officer Removal Statute "without a thumb on the remand side of the scale."[20]

## LAW AND ANALYSIS

In the Fifth Circuit, to remove a case pursuant to the Federal Officer Removal Statute, a defendant must demonstrate: (1) "it is a 'person' within the meaning of the

---

[15] 28 U.S.C. § 1442.
[16] *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017) (quoting *Mesa v. California*, 489 U.S. 121, 136 (1989)).
[17] *Latiolais*, 951 F.3d at 290; *see also Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998) (providing the Federal Officer Removal Statute allows for removal when "a federal official is entitled to raise a defense arising out of his official duties").
[18] *Winters*, 149 F.3d at 397–98.
[19] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).
[20] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) (citations omitted); *see, e.g, City of Walker v. Louisiana*, 877 F.3d 563, 569 (5th Cir. 2017) ("[F]ederal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited.").

3

statute";[21] (2) "it has acted pursuant to a federal officer's directions";[22] (3) its complained-of conduct is "connected or associated with" or "related to" a federal directive;[23] and (4) it has "asserted a colorable federal defense."[24] The Court's December 2022 Order and Reasons previously determined that Avondale satisfied the second prong of the Federal Officer Removal Statute—that it "acted under" the direction of a federal officer.[25] While Plaintiff Goffner does not challenge the factual findings detailed therein, his Second Motion to Remand argues Defendant Avondale is unable to establish the second element of the Federal Officer Removal Statute as a matter of law.[26]

Plaintiff's Second Motion to Remand urges the Court to adopt a recent opinion of the Eleventh Circuit, which purportedly limits removal under the Federal Officer Removal Statute "to *current, not former, federal officers*."[27] Plaintiff's argument relies on *State v. Meadows*, in which the Eleventh Circuit held a criminal defendant who acted as chief of staff to the president could not remove his criminal case to federal court based on the

---

[21] *Latiolais*, 951 F.3d at 296.
[22] *Id.*
[23] *St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 990 F.3d 447, 454 (5th Cir. 2021) (citing *Latiolais*, 951 F.3d at 291, 296 and rejecting the Fifth Circuit's former "causal nexus" requirement).
[24] *Latiolais*, 951 F.3d at 296.
[25] R. Doc. 66 at p. 7 (concluding Avondale sufficiently demonstrated "that it was contracted by the U.S. Navy to build vessels[,] . . . that its government contracts required Avondale to use asbestos[,] . . . [and that,] had Avondale not built the ships, the Government itself likely would have had to perform").
[26] R. Doc. 154-1 at pp. 6, 11. Plaintiff's Second Motion to Remand attempts to challenge Avondale's satisfaction of the first prong, arguing it is "improper and unreasonable" to allow Huntington Ingalls Inc., "which did not come into existence until 2014, to remove [the] case on the basis it is the alleged successor of Avondale[,] [which] is no longer in business," but cites no legal authority to support this argument. *Id.* at p. 11. The Court finds Plaintiff's argument on the first prong unavailing and agrees with Defendant that Plaintiff's argument contravenes the fundamental basis of Plaintiff's claims against Huntington Ingalls, Inc. for injury he allegedly sustained at Avondale, its predecessor-in-interest. R. Doc. 158 at p. 14. Further, to the extent that Plaintiff's reply in support of his Second Motion to Remand challenges Avondale's satisfaction of the fourth "colorable federal defense" prong, the Court reiterates its finding that "Avondale has stated a colorable federal defense of government contractor immunity under *Boyle*." *See* Plaintiff's Reply in Support of Second Motion to Remand, R. Doc. 159 at pp. 7-9 (arguing Avondale failed to satisfy the fourth prong); December 2022 Order and Reasons, R. Doc. 66 at p. 7 (finding Avondale satisfied the fourth prong by sufficiently stating a federal defense).
[27] R. Doc. 154-1 at p. 7 (emphasis in original) (citing *State v. Meadows*, 88 F.4th 1331, 1335 (11th Cir. 2023)).

4

Federal Officer Removal Statute.[28] In reaching that conclusion, the *Meadows* court reasoned that differences in statutory language between 28 U.S.C. § 1442(a)(1), which is "silent on the removal of a prosecution commenced against a *former* officer of the United States," and 28 U.S.C. § 1442(b), which grants a right of removal to one "'who is, or at *the time the alleged action accrued was*, a civil officer of the United States,'" "connotes a difference in meaning" that implies Section 1442(a)(1) excludes "*former* officers of the United States."[29]

In opposition, Defendant Avondale argues that it has met the requirements of the Federal Officer Removal Statute, as previously detailed in this Court's December 2022 Order and Reasons.[30] With respect to Plaintiff's contention that the statute applies only to current federal officers, Avondale points out that *Meadows* "is not binding precedent on this Court," "involved vastly different facts" than the instant case, and contradicts *Latiolais v. Huntington Ingalls Inc.*, in which the *en banc* Fifth Circuit held that "Avondale satisfied the 'acting under' prong due to its contracts with the federal government to build vessels."[31] Avondale also cites several federal cases applying the Federal Officer Removal Statute to former federal officers, including two recent opinions of other courts in this district, which rejected arguments identical to Plaintiff's and declined to extend *Meadows* to preclude Avondale from removing similar cases to federal

---

[28] *Meadows*, 88 F.4th at 1335, 1338.
[29] *Id.* at 1338-40.
[30] R. Doc. 158 at pp. 4-5 (citing December 2022 Order and Reasons, R. Doc. 66).
[31] *Id.* at pp. 3, 6, 10 (citing *Latiolais*, 951 F.3d 286).

court pursuant to the Federal Officer Removal Statute—*Ditcharo v. Union Pacific Railroad*[32] and *Marcella v. Huntington Ingalls Inc.*[33]

In *Ditcharo* and *Marcella*, plaintiffs sued Avondale in Louisiana state court for "asbestos-related claims arising from exposures that occurred in the 1960s and 1970s, when Avondale contracted with the Government to construct and repair Navy ships."[34] In both cases, Avondale removed the actions to federal court and the plaintiffs sought remand, arguing *Meadows* precluded Avondale's removal because the plaintiffs' claims "arose from Avondale's former and concluded work as a government contractor, [rather than] any current work."[35] In *Ditcharo*, Judge Eldon E. Fallon applied Fifth Circuit precedent consistent with this Court's December 2022 Order and Reasons and determined Avondale satisfied the second prong by demonstrating that it had a federal contract with the Government to repair Navy ships.[36] In reaching that conclusion, Judge Fallon observed that, while the *Meadows* court held Section 1442(a)(1) "does not permit removal by former federal officers," it "did not comment on conduct of individuals who *formerly acted* under federal officers."[37] In *Marcella*, Judge Barry W. Ashe agreed with the *Ditcharo* court's reasoning, concluding that *Meadows* "does not alter Avondale's right to federal-officer removal" with respect to asbestos-exposure claims.[38] To support this conclusion, Judge Ashe distinguished *Meadows* from the cases involving Avondale, observing that "*Meadows* was a criminal case involving a former federal officer, not a civil

---

[32] *Id.* at pp. 5-6, 9-10 (citing *Ditcharo v. Union Pac. R.R. Co.*, 23-7399, 2024 WL 1433652, at *2 (E.D. La. Apr. 3, 2024) (Fallon, J.)).
[33] R. Doc. 163 (citing *Marcella v. Huntington Ingalls Inc.*, 24-750, 2024 WL 2814044, at *4-5 (E.D. La. June 3, 2024) (Ashe, J.)).
[34] *Marcella*, 2024 WL 2814044 at *4 (citing *Ditcharo*, 2024 WL 1433652 at *2-4).
[35] *Id.* (citing *Ditcharo*, 2024 WL 1433652 at *2-4).
[36] *Ditcharo*, 2024 WL 1433652 at *2 (citing *Latiolais*, 951 F.3d at 921).
[37] *Id.* Judge Fallon found Plaintiff's "interpretation of [the Eleventh Circuit's] ruling rings hollow." *Id.*
[38] *Marcella*, 2024 WL 2814044 at *4.

6

case involving claims against a private entity arising from work completed under the direction of federal officers."[39]

This Court agrees with the reasoning of the *Ditcharo* and *Marcella* courts. Indeed, "*Meadows*, an Eleventh Circuit case, is not binding on this Court and is also factually distinguishable from the scores of cases within the Fifth Circuit that have allowed Avondale to avail itself of § 1442(a)(1) with respect to asbestos-exposure claims."[40] This Court, likewise declines "to twist the Eleventh Circuit's holding in Plaintiff['s] favor to find that Avondale cannot remove the matter to this court because it formerly acted under the actions of the Navy."[41] Accordingly, this Court affirms the factual findings and legal conclusions provided in the December 2022 Order and Reasons[42] and finds Avondale that has satisfied the elements of the Federal Officer Removal Statute.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Second Motion to Remand is **DENIED**.[43]

**IT IS FURTHER ORDERED** that Plaintiff's Request for Oral Argument on the Second Motion to Remand is **DENIED** as moot.[44]

**New Orleans, Louisiana, this 5th day of June, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[39] *Id.* (citing *Meadows*, 88 F.4th 1331).
[40] *See id.* (citing *Latiolais*, 951 F.3d 286).
[41] *See Ditcharo*, 2024 WL 1433652 at *2.
[42] R. Doc. 66.
[43] R. Doc. 154.
[44] R. Doc. 155.

7